IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Statesville Division)

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **CUSTOM DESIGN GROUP, LLC,** | ) | Case No. 20-50463 |
| | ) | |
| | ) | |
| Debtor. | ) | |

## MOTION TO USE CASH COLLATERAL

Custom Design Group, LLC, the above-captioned debtor and debtor in possession (the "Debtor"), by this motion (the "Motion"), respectfully requests the entry of an interim order authorizing the use of cash collateral pursuant to sections 105, 361, and 363 under Title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") and Rule 4001 of the Federal Rules of Bankruptcy Procedure. In support of this Motion, the Debtor states as follows:

### JURISDICTION

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for relief requested herein are sections 105, 361, and 363 of the Bankruptcy Code and Bankruptcy Rule 4001.

### BACKGROUND

2.  The Debtor is a closely held North Carolina limited liability company originally formed in 2015, which operates from leased premises in Hickory, North Carolina. The company specializes in the design and production of customized apparel, uniforms, sporting equipment, and promotional products. The Debtor's revenues are primarily derived from sales of inventory.

3. The Debtor's assets primarily consist of accounts receivable, inventory, furniture, fixtures, and equipment.

4. On December 11, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under subchapter V of chapter 11 of the United States Bankruptcy Code in this Court. The Debtor continues in possession of its properties and the management of its business as a debtor in possession pursuant to section 1182 of the Bankruptcy Code. Elizabeth Dechant, Esq. is the subchapter V trustee in this case.

5. Upon information and belief, Peoples Bank ("Peoples") will assert a first lien on the Debtor's inventory, chattel paper, accounts receivable and equipment securing a debt of approximately $60,000.00.

6. Upon information and belief, Peoples will also assert a junior lien against the Debtor's assets securing the Debtor's guaranty of an affiliate's debt of approximately $250,000.00.

7. Upon information and belief, the Small Business Administration ("SBA") will assert a junior lien against all assets of the Debtor in an amount of approximately $150,000.00.

8. Due to the emergency nature of this filing, counsel for the Debtor has not yet had a full opportunity to review all of the promissory notes, deeds of trust, security agreements, and financing statements memorializing the purportedly secured creditors' (together, the "Lenders") asserted claims (the "Loan Documents"). For purposes of this Motion, the Debtor relies upon a presumption that the Loan Documents manifest properly perfected liens on substantially all property of the Debtor.

9. The Debtor reserves the right, for itself and for any other interested party with proper standing, to challenge the perfection of any such liens at a later date.

**RELIEF REQUESTED**

10.     Pursuant to this Motion, the Debtor seeks authority to use cash collateral as defined in 11 U.S.C. § 363 on an interim basis, to operate in the ordinary course of business. The Debtor proposes to use the cash collateral in accordance with a formal budget (the "Budget"), prepared by the Debtor, which is attached hereto as **Exhibit A**, and which assumes the accrual of ordinary course business and bankruptcy related expenses necessary to fund the Debtor's operations going forward. Because the amount and timing of all expenses cannot be predicted exactly, the Debtor proposes that it be considered in compliance with the Budget so long as the Debtor does not exceed the Budget by more than 10% per line item (on a cumulative basis).

11.     The Debtor requests a preliminary hearing on an emergency basis to approve this interim request pursuant to Bankruptcy Rule 4001(b)(2) and that a final hearing be set at least 14 days after the filing of this motion.

**BASIS FOR RELIEF REQUESTED**

12.     Pursuant to section 363(c)(2) of the Bankruptcy Code, a debtor in possession may not use cash collateral without consent of the secured party or court approval. 11 U.S.C. § 363(c)(2). After notice and a hearing, the Court may approve a debtor's use of cash collateral without the secured creditor's consent, "to the extent necessary to avoid immediate and irreparable harm to the estate pending a final hearing." Fed. R. Bankr. P. 4001(b).

13.     In order for a court to authorize the use of cash collateral over a secured party's objection, the secured party's interest in the cash collateral must be adequately protected. In the context of a cash collateral motion, the purpose of adequate protection is to protect the secured lender from a diminution in the value of its collateral during the period in which it is prevented

from foreclosing upon such collateral by the automatic stay. *In re Delta Resources, Inc.*, 54 F.3d 722, 728-30 (11th Cir. 1995).

14. Courts have found a secured creditor adequately protected where either a sufficient equity cushion in the collateral exists to protect the secured creditor, or the level of the secured creditor's collateral is not decreasing over time. *In re Dynaco Corp.*, 162 B.R. 389, 394 (Bankr. D.N.H. 1993) (secured creditor was adequately protected and debtor was authorized to use cash collateral where level of collateral was not declining); *In re May*, 169 B.R. 462 (Bankr. S.D. Ga. 1994) (equity cushion in property may provide creditor with adequate protection of its interest, sufficient to permit the debtor to use cash collateral).

15. The Lenders have adequate protection against the diminution in value of their pre-petition collateral. Preliminarily, the use of cash collateral in the ordinary course of business, in and of itself, provides adequate protection in that it preserves the going concern value of the Debtor's business and, as a result, the value of the pre-petition collateral. Further, as of the Petition Date, the Debtor held collectible accounts receivable of $308,583.92, as well as deposit accounts, inventory, and FF&E conservatively valued in excess of $400,000.00.

16. Accordingly, the Lenders are oversecured and enjoy a substantial equity cushion that provides them with adequate protection of their interests in the Debtor's property. The Debtor's cash flow and other financial analysis also show that the Lenders' collateral position will be adequately maintained, especially during the short term covered by the interim order herein requested. Thus, the Debtor submits that its use of cash collateral is proper pursuant to section 363(c)(2) of the Bankruptcy Code.

17. On the other hand, the Debtor will suffer immediate and irreparable harm without the interim relief requested. In the absence of a court order authorizing the use of cash collateral,

the Debtor will be unable to meet its operating expenses and will be forced to cease operations immediately, rather than reorganizing its business in chapter 11 in order to maximize value for the bankruptcy estate and creditors.  Without immediate access to cash, the Debtor's inability to pay its ordinary operating expenses would lead to a quick collapse of its business to the detriment of the estate.

18. Therefore, the Debtor requests that this Court grant it interim authority to use cash collateral in accordance with the Budget until a further hearing on the Motion can be scheduled pursuant to Bankruptcy Rule 4001.

19. A proposed order granting the relief requested herein is attached as **Exhibit B**.

### NOTICE

22. The Debtor has given notice of this Motion to (a) the Bankruptcy Administrator for the Western District of North Carolina, (b) the Debtor's twenty largest unsecured creditors, (c) the Lenders, and (d) those parties requesting notice pursuant to Bankruptcy Rule 2002.

WHEREFORE, the Debtor respectfully requests that the court grant the relief requested herein and such further and other relief as is just and proper.

Dated:  Charlotte, North Carolina
          December 14, 2020

**MOON WRIGHT & HOUSTON, PLLC**

   */s/ Richard S. Wright*
Richard S. Wright (Bar No. 24622)
rwright@mwhattorneys.com
Caleb Brown (Bar No. 41131)
cbrown@mwhattorneys.com
121 West Trade Street, Suite 1950
Charlotte, North Carolina 28202
Telephone:  (704) 944-6560
*Counsel for the Debtor*

MWH: 10734.001; 00024199.2                      5