**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**Statesville Division**

In re:

**Custom Design Group, LLC**,

Debtor.

Case Number:  20-50463

Chapter 11, Subchapter V

## AFFIDAVIT OF DEWYONE KING

I, Dewyone "Pedie" King, being first duly sworn, hereby depose and say under oath as follows:

1. I am over 18 years of age, under no disability, and, except as otherwise stated, have personal knowledge of the facts set forth herein.

2. In 2018, I invested funds in, and became a member of, the debtor in the above-captioned bankruptcy case (this "Case"), Custom Design Group, LLC (the "Debtor").  The Debtor was owned at that time by Richard L. Stober ("Stober") and others, who subsequently sold their equity interests in the Debtor.  Together with Stober, I also invested in an affiliated company, CDG-Paw, LLC ("Paw").

3. The Debtor specializes in the design and production of customized apparel, uniforms, sporting equipment, and promotional products.  The Debtor does not typically manufacture the products "in house," but rather contracts with other companies to do that work, primarily Paw.

4. For years leading up to this Case, Stober was solely responsible for the day-to-day management of both Paw and the Debtor.

5. For at least six (6) months prior to the filing of this Case and until March 5, 2021, I actively solicited Stober (and/or Stober's sister, Teresa S. King ("Teresa"), and her husband) to purchase my interests in the Debtor (and Paw) for no cash consideration ($0.00); rather the only consideration sought was that my obligations to Peoples Bank under a guaranty of the Debtor's debt be eliminated.  Also, I repeatedly offered—as an alternative option—to purchase Stober's interests in the Debtor (and Paw), having gone so far to ask my lawyers to draft the necessary purchase and sale paperwork on multiple separate occasions.

6. On December 11, 2020, the Debtor initiated this Case by filing a voluntary petition for bankruptcy relief, without my knowledge or consent.

7. On January 5, 2021, Stober's attorney wrote my attorney a letter to inform me that, as of three days later, January 8, 2021, Stober would no longer oversee or otherwise participate in the management Paw's business operations or financial affairs.  As a result, I had no choice but to begin managing Paw on a daily basis.

8.      After being thrust into managing Paw, I soon learned that not only was the Debtor not paying Paw for services rendered post-petition, but also that Debtor had not been paying Paw for services rendered for at least one year prior to initiation of this Case.

9.      The Debtor is Paw's largest customer, comprising the vast majority of orders fulfilled by Paw on both a volume and value basis.

10.      On March 5, 2021, upon purchasing Stober's interests in the Debtor (and Paw), I became the sole manager and officer of the Debtor.

11.      After assuming control of the Debtor in March, I have become increasingly familiar with the assets, liabilities, business operations, and financial affairs of the Debtor.

12.      Prior to bankruptcy, the Debtor defaulted on various loans payable to the Debtor's primary secured lender, which lender sent the demand letters attached hereto as Exhibit 1 to me and the Debtor in November of 2020.

13.      Also immediately after I assumed control of the Debtor in March, Peoples Bank threatened emergency action, including seeking relief from stay on short notice, to foreclose on the Debtor's assets based on the Debtor's declining cash position over the course of the first quarter in 2021.  To prevent such action, I paid Peoples Bank $49,000.00 in April from my personal funds.

14.      Due to various cash crunches that have occurred since I assumed control of the Debtor, I have infused an aggregate of $55,000 from my own funds into the Debtor in emergency situations to keep the Debtor operating.

15.      I also had to use my own funds to pay a $10,000 retainer to the Debtor's counsel shortly after I took over the Debtor's operations.

16.      Likewise, after assuming control of Paw in January, I have become increasingly familiar with the assets, liabilities, business operations, and financial affairs of Paw.

17.      A copy of the Paw's 2020 end-of-year balance sheet—created while Paw was under the control of Stober—is attached hereto as Exhibit 2 (the "Paw Balance Sheet").

18.      Ignoring both (i) accounts receivable from the Debtor and loans receivable from the Debtor and (ii) the "goodwill" Stober booked for Paw, the Paw Balance Sheet shows less than $400,000 in total assets, before accounting for depreciation of equipment, furniture, and fixtures.

19.      Similarly, the Paw Balance Sheet shows Total Equity of $263,436.67.  After adjusting that figure for the $299,379.98 in accounts receivable from the Debtor and $193,338.47 in loans receivable from the Debtor (the vast majority of which will never be paid), the Paw Balance Sheet shows Total Equity of **NEGATIVE** $229,281.78, even assuming the $825,000 in goodwill is an accurate and reliable figure.

20.      As with the Debtor, Stober passed Paw to me in a dire cash situation.  Since taking over Paw's operations in January, I have infused an aggregate of $219,470 from my own funds into Paw to keep Paw operating.

21.     I have asked Teresa to help bear the burden of the various cash infusions into the Debtor and/or Paw by investing fresh cash from her own funds, but she has refused.

22.     On information and belief, Teresa asserts that she owns a one-third (1/3) economic interest in Paw based on her $550,000 loan to the Debtor, plus an equitable interest in the Debtor and/or unsecured claim against the Debtor in the amount of at least $550,000.

23.     On July 2, 2021, I authorized the Debtor to file the Debtor's *Second Amended Plan of Reorganization* (the "Plan").[1]  I provided input, and otherwise participated, in the preparation and drafting of the Plan and am generally familiar with the provisions thereof.

24.     As the Plan calls for a transfer of the Debtor's assets to a new company ("Newco"), the Plan does not contemplate the Debtor making payments to creditors out of income generated from future business operations.

25.     Nevertheless, hypothetical financial projections are attached to the Plan as Exhibit B, which predict the Debtor's ability to make payments under a theoretical payment plan that is not actually called for under the Plan.

26.     The projections provided in the Plan are my best estimate of an average monthly budget over the course of the next approximately three to five years, which, at this time, I anticipate will be relatively stable over time.

27.     To the best of my knowledge and understanding, the Plan has been proposed in good faith and not by any means forbidden by law.  To the best of my knowledge and understanding, the Plan complies with all applicable provisions of the Bankruptcy Code.

28.     To the best of my knowledge and ability, I have caused the Debtor to comply with all applicable provisions of the Bankruptcy Code since I became the Debtor's sole manager on March 5, 2021.

29.     All requests for compensation to be paid to professionals for services rendered in connection with this Case have been, or will be, submitted for Court approval prior to the payment of such fees and expenses.

30.     After confirmation of the Plan, I would continue to serve as the Debtor's manager for purposes of distributing the proceeds of the sale to Newco, filing any residual tax returns, facilitating the transition from the Debtor to Newco, and otherwise overseeing the winding down of the Debtor.

31.     There is no rate change provided for in the Plan that would require governmental regulatory commission approval.

32.     As evidenced by the liquidation analysis attached to the Plan as Exhibit A, each holder of a claim or interest impaired by the Plan will receive or retain property of a value that is

---

[1]     Capitalized terms not otherwise defined herein shall have the meanings set forth in the Plan.

not less than the holder would have received if the Debtor was liquidated through chapter 7 of the Bankruptcy Code.

33.     If the claim or interest asserted by Teresa King ("Teresa") is considered an equity interest, then all classes of claims or interests are deemed to have accepted the plan.

34.     The value of the property to be distributed through the Debtor's bankruptcy estate under the Plan exceeds five year's worth of the Debtor's projected disposable income under a hypothetical or theoretical payment plan.

35.     The class of equity interests—the only class of claims or interests junior to the general unsecured creditor class—will not receive or retain any property through the Plan.

36.     The Plan provides that the claims in classes that fall under §§ 507(a)(4) and 507(a)(8) will be paid in full.

37.     The Plan has been accepted by at least one impaired class.

38.     The filing fee—and all required quarterly fees—in this Case have been paid on the Debtor's behalf.

39.     The Debtor has not obligated itself to pay any type of retiree benefit described in § 1114.

40.     The Debtor is not required to pay domestic support obligations.

41.     The Debtor is not an individual.

42.     All transfers of property under the Plan will be made in accordance with any applicable provisions of nonbankruptcy law.

43.     I am familiar with the facts as set forth in this Affidavit.  I make this Affidavit based upon my own personal knowledge of the facts set forth herein and as my free and voluntary act.

This is the 20th day of August, 2021.

_____
Dewyone "Pedie" King



## HIGH PERFORMANCE LAW™

William Walt Pettit
Attorney at Law
Phone: 704-362-9255
Fax: 704-362-9268
Email: walt.pettit@hutchenslawfirm.com
https://HutchensLawFirm.com

Offices In:
FAYETTEVILLE, CHARLOTTE, WILMINGTON, NC | COLUMBIA, SC
6230 Fairview Road, Suite 315
Charlotte, NC 28210-3253

P.O. Box 12497
Charlotte, NC 28220-2497

### VIA EMAIL AND U.S. CERTIFIED MAIL

November 6, 2020

Richard L. Stober, Member
Custom Design Group, LLC
391 10th Avenue Drive NE
Hickory, NC 28601

Richard L. Stober
4406 2nd St. Lane NW
Hickory, NC 28601

RE:    Loan Number: xxx7005
Principal balance as of October 21, 2020: $57,471.33
Accrued interest as of October 21, 2020: $200.41
Daily Interest Accrual: $8.78
Outstanding Balance as of October 21, 2020: $250,901.68

Dear Mr. Stober:

We have been retained to represent the interests of Peoples Bank (Bank) in the above-captioned matter. On February 1, 2017, Custom Design Group, LLC (Custom Design) executed and delivered to Bank a certain Promissory Note in the principal sum of $150,000.00. Also on February 1, 2017, Custom Design executed and delivered to Bank a Commercial Security Agreement. The Agreement granted a lien on all inventory, equipment, accounts and fixtures as set forth therein of Custom Design until the Note had been paid in full. The Security Agreement provided, among other things, that Custom Design would not further encumber the accounts without the written consent of Bank. To induce the Bank to extend credit to Custom Design, you executed and delivered to Bank a certain Commercial Guaranty.

Thereafter, on March 25, 2020, Custom Design executed and delivered to Bank a certain Loan Modification Agreement.

The Promissory Note, Commercial Security Agreement, Commercial Guaranty and Modification are currently in default for a number of reasons. These include, but are not limited to, the following defaults:

## EXHIBIT 1

1) by Custom Design encumbering the accounts, equipment, inventory, etc. without the Bank's knowledge or written consent;
2) by Custom Design and you defaulting on a separate obligation in favor of the Bank;
3) by the Bank believing that the payment of the Note is impaired; and
4) by the Bank deeming itself insecure.

Based on the foregoing, demand is hereby made upon Custom Design and you for payment of the outstanding balance due on each Note within five (5) days from the date of this letter. In the event that the sums are not paid timely, the Bank will consider instituting such actions as are necessary protect its interests.

The Note and Guaranty contain provisions allowing the Bank to recover its attorneys' fees if the account is referred to an attorney. Notice is hereby given that the provisions relating to the collection of attorneys' fees shall be enforced. Pursuant to N.C.G.S. § 6-21.2, notice is hereby given that unless each default is cured within the next five (5) days from the date of this letter/notice, Bank will be entitled to collect such attorneys' fees up to 15% as provided in the Note and Guaranty and pursuant to the aforementioned statute.

Any partial payment will be credited to the Note but will not affect the Bank's rights to proceed to enforce the balance. This letter/notice is not a "payoff statement" and may not be relied upon by you. In the event you request such a statement, please direct this request to the undersigned in writing and state the date that the payment will be made to the Bank.

Very truly yours,
HUTCHENS LAW FIRM LLP

William Walt Pettit

WWP/drs

**EXHIBIT 1**



## HIGH PERFORMANCE LAW™

William Walt Pettit
Attorney at Law
Phone: 704-362-9255
Fax: 704-362-9268
Email: walt.pettit@hutchenslawfirm.com
https://HutchensLawFirm.com

Offices In:
FAYETTEVILLE, CHARLOTTE, WILMINGTON, NC | COLUMBIA, SC
6230 Fairview Road, Suite 315
Charlotte, NC 28210-3253

P.O. Box 12497
Charlotte, NC 28220-2497

### VIA EMAIL AND U.S. CERTIFIED MAIL

November 6, 2020

Dewyone A. King, Member Manager
CDG-Paw, LLC
391 10th Avenue Drive NE
Hickory, NC 28601

Richard L. Stober, Member Manager
CDG-Paw, LLC
391 10th Avenue Drive NE
Hickory, NC 28601

Dewyone A. King, Member Manager
Custom Design Group, LLC
391 10th Avenue Drive NE
Hickory, NC 28601

Richard L. Stober, Member Manager
Custom Design Group, LLC
391 10th Avenue Drive NE
Hickory, NC 28601

Dewyone A. King
1565 46th Avenue NE
Hickory, NC 28601-8421

Kerri L. King
1565 46th Avenue NE
Hickory, NC 28601-8421

Richard L. Stober
4406 2nd St. Lane NW
Hickory, NC 28601

Kristin S. Stober
4406 2nd St. Lane NW
Hickory, NC 28601

RE:  Loan Number: xxx7180
Principal balance as of October 7, 2020: $476,103.03
Accrued interest as of October 7, 2020: $2,129.24
Daily Interest Accrual: $76.04
Outstanding Balance as of October 7, 2020: $478,232.27

Dear Mr. and Mrs. King and Mr. and Mrs. Stober:

We have been retained to represent the interests of Peoples Bank (Bank) in the above-captioned matter.  On February 18, 2018, CDG-Paw, LLC (CDG-Paw), executed and delivered to Peoples Bank a certain Promissory Note in the principal sum of $750,000.00.    Also on February 18, 2018, CDG-Paw executed and delivered to Bank a Security Agreement.  The

## EXHIBIT 1

Agreement granted a lien on all inventory, equipment, accounts and fixtures as set forth therein of CDG-Paw until the Note had been paid in full.   To induce the Bank to extend credit to CDG-Paw, Custom Design and you executed and delivered to Bank a certain Commercial Guarantys.

Thereafter, on March 25, 2020 and August 6, 2020, CDG-Paw executed and delivered to Bank certain Loan Modification Agreements.

The Promissory Note, Security Agreement, Guarantys and Modifications are currently in default for a number of reasons.  These include, but are not limited to, the following defaults:

1) by CDG-Paw, Custom Design and you defaulting on a separate obligation in favor of Bank;
2) by CDG-Paw and Custom Design encumbering the accounts without the Bank's knowledge or written consent;
3) by CDG-Paw, Custom Design and you failing to provide updated financial statements and 2019 Federal Income Tax Returns;
4) by the Bank believing that the payment of the Note is impaired; and
5) by the Bank deeming itself insecure.

Based on the foregoing, demand is hereby made upon CDG-Paw and you for payment of the outstanding balance due on each Note within five (5) days from the date of this letter. In the event that the sums are not paid timely, the Bank will consider instituting such actions as are necessary protect its interests.

The Note and Guarantys contain provisions allowing the Bank to recover its attorneys' fees if the account is referred to an attorney. Notice is hereby given that the provisions relating to the collection of attorneys' fees shall be enforced.  Pursuant to N.C.G.S. § 6-21.2, notice is hereby given that unless each default is cured within the next five (5) days from the date of this letter/notice, Bank will be entitled to collect such attorneys' fees up to 15% as provided in the Note and Guaranty and pursuant to the aforementioned statute.

Any partial payment will be credited to the Note but will not affect the Bank's rights to proceed to enforce the balance.  This letter/notice is not a "payoff statement" and may not be relied upon by you.  In the event you request such a statement, please direct this request to the undersigned in writing and state the date that the payment will be made to the Bank.

Very truly yours,
HUTCHENS LAW FIRM LLP

William Walt Pettit

WWP/drs

U:\WWP Files\Peoples Bank\CDG-Paw\xx7180\Demand ltr.docx

**EXHIBIT 1**



## HIGH PERFORMANCE LAW™

William Walt Pettit
Attorney at Law
Phone: 704-362-9255
Fax: 704-362-9268
Email: walt.pettit@hutchenslawfirm.com
https://HutchensLawFirm.com

Offices In:
FAYETTEVILLE, CHARLOTTE, WILMINGTON, NC | COLUMBIA, SC
6230 Fairview Road, Suite 315
Charlotte, NC 28210-3253

P.O. Box 12497
Charlotte, NC 28220-2497

<u>**VIA EMAIL AND U.S. CERTIFIED MAIL**</u>

November 6, 2020

| | |
|---|---|
| Dewyone A. King, Member Manager<br>CDG-Paw, LLC<br>391 10th Avenue Drive NE<br>Hickory, NC 28601 | Richard L. Stober, Member Manager<br>CDG-Paw, LLC<br>391 10th Avenue Drive NE<br>Hickory, NC 28601 |
| Dewyone A. King, Member Manager<br>Custom Design Group, LLC<br>391 10th Avenue Drive NE<br>Hickory, NC 28601 | Richard L. Stober, Member Manager<br>Custom Design Group, LLC<br>391 10th Avenue Drive NE<br>Hickory, NC 28601 |
| Dewyone A. King<br>1565 46th Avenue NE<br>Hickory, NC 28601-8421 | Kerri L. King<br>1565 46th Avenue NE<br>Hickory, NC 28601-8421 |
| Richard L. Stober<br>4406 2nd St. Lane NW<br>Hickory, NC 28601 | Kristin S. Stober<br>4406 2nd St. Lane NW<br>Hickory, NC 28601 |

RE:    Loan Number: xxx9641
        Principal balance as of October 7, 2020: $249,780.62
        Accrued interest as of October 7, 2020: $1,120.55
        Daily Interest Accrual: $29.49
        Outstanding Balance as of October 7, 2020: $250,901.68

Dear Mr. and Mrs. King and Mr. and Mrs. Stober:

We have been retained to represent the interests of Peoples Bank (Bank) in the above-captioned matter. On January 30, 2020, CDG-Paw, LLC (CDG-Paw) executed and delivered to Bank a certain Promissory Note in the principal sum of $250,000.00. Also on January 30, 2020, CDG-Paw and Custom Design Group, LLC (Custom Design) executed and delivered to Bank various Commercial Security Agreements. The Agreements granted a lien on all inventory,

U:\WWP Files\Peoples Bank\CDG-Paw\xx9641\Demand ltr.docx

## EXHIBIT 1

equipment, accounts and fixtures as set forth therein of CDG-Paw and Custom Design until the Note had been paid in full.  The Security Agreements provided, among other things, that neither CDG-Paw nor Custom Design would further encumber the accounts without the written consent of Bank.  To induce the Bank to extend credit to CDG-Paw, Custom Design and you executed and delivered to Bank a certain Commercial Guarantys.

Thereafter, on May 27, 2020, CDG-Paw executed and delivered to Bank a certain Loan Modification Agreement.

The Promissory Note, Commercial Security Agreements, Commercial Guarantys and Modification are currently in default for a number of reasons.  These include, but are not limited to, the following defaults:

1) by CDG-Paw, Custom Design and you failing to pay the Promissory Note in full by September 30, 2020;
2) by CDG-Paw and Custom Design encumbering the accounts, equipment, inventory, etc. without the Bank's knowledge or written consent;
3) by CDG-Paw, Custom Design and you failing to provide updated financial statements and 2019 Federal Income Tax  Returns;
4) by the Bank believing that the payment of the Note is impaired; and
5) by the Bank deeming itself insecure.

Based on the foregoing, demand is hereby made upon CDG-Paw, Custom Design and you for payment of the outstanding balance due on each Note within five (5) days from the date of this letter. In the event that the sums are not paid timely, the Bank will consider instituting such actions as are necessary protect its interests.

The Note and Guarantys contain provisions allowing the Bank to recover its attorneys' fees if the account is referred to an attorney. Notice is hereby given that the provisions relating to the collection of attorneys' fees shall be enforced.  Pursuant to N.C.G.S. § 6-21.2, notice is hereby given that unless each default is cured within the next five (5) days from the date of this letter/notice, Bank will be entitled to collect such attorneys' fees up to 15% as provided in the Note and Guaranty and pursuant to the aforementioned statute.

Any partial payment will be credited to the Note but will not affect the Bank's rights to proceed to enforce the balance.  This letter/notice is not a "payoff statement" and may not be relied upon by you.  In the event you request such a statement, please direct this request to the undersigned in writing and state the date that the payment will be made to the Bank.

Very truly yours,
HUTCHENS LAW FIRM LLP

William Walt Pettit

WWP/drs

U:\WWP Files\Peoples Bank\CDG-Paw\xx9641\Demand ltr.docx

# EXHIBIT 1

# Balance Sheet

## CDG-PAW LLC
## As of December 31, 2020

| | DEC 31, 2020 |
|---|---:|
| **Assets** | |
| **Current Assets** | |
| **Cash and Cash Equivalents** | |
| CASH | 1,594.07 |
| First Citizens Checking 4148 | 40,009.57 |
| PEOPLES BANK HICKORY | 527.80 |
| Suntrust Checking 0684 | 7,526.59 |
| **Total Cash and Cash Equivalents** | **49,658.03** |
| Accounts Receivable | 299,379.98 |
| CDG Brands-loan | 193,338.47 |
| Inventory | 9,170.85 |
| Utility Deposits | 3,700.00 |
| **Total Current Assets** | **555,247.33** |
| **Fixed Assets** | |
| Accumulated Amortization | (107,368.60) |
| Accumulated Depreciation | (321,194.00) |
| Closing Costs | 5,072.60 |
| Equipment | 6,194.00 |
| Furniture & Fixtures | 315,000.00 |
| Goodwill | 825,000.00 |
| **Total Fixed Assets** | **722,704.00** |
| **Total Assets** | **1,277,951.33** |
| **Liabilities and Equity** | |
| **Liabilities** | |
| **Current Liabilities** | |
| A/P Edward Jones | 5,410.25 |
| Accounts Payable | 96,297.89 |
| AMEX PLUM | 72,234.31 |
| Peoples PPP | 184,500.00 |
| Reliant Funding | (33,156.26) |
| Rounding | 15.87 |
| Sales Tax | 12,335.27 |
| **Total Current Liabilities** | **337,637.33** |
| **Long Term Liabilities** | |
| kabbage | (21,233.06) |
| Pedie King | 22,442.25 |

Balance Sheet    CDG-PAW LLC

**EXHIBIT 2**

Balance Sheet

|  | DEC 31, 2020 |
|---|---|
| Peoples Bank | 476,103.03 |
| People's line of credit | 49,665.11 |
| SBA loan | 149,900.00 |
| **Total Long Term Liabilities** | **676,877.33** |
| **Total Liabilities** | **1,014,514.66** |

### Equity

| | |
|---|---|
| Capital: Pedie King | 244,605.31 |
| Capital: Rich Stober | 244,605.30 |
| Current Year Earnings | (109,743.23) |
| Pedie King Headway Capital | 18,149.35 |
| Retained Earnings | (144,180.06) |
| sba gift | 10,000.00 |
| **Total Equity** | **263,436.67** |
| **Total Liabilities and Equity** | **1,277,951.33** |

Balance Sheet    CDG-PAW LLC

# EXHIBIT 2